IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:  In Proceedings Under Chapter 7

    GERTRUDE V. LOURY,  Case No.: 06-11871

Adv. Pro No. 06-1634

                   Debtor.  CHIEF JUDGE RANDOLPH BAXTER

MARVIN A. SICHERMAN, TRUSTEE,
                Plaintiff,

v.

173 I. BANK OF AMERICA, et al.,
                Defendants.

## MEMORANDUM OF OPINION AND ORDER

This matter came to be heard on the 13th day of December, 2006 upon the duly noticed Motion for Summary Judgment (the "Motion") filed by Bank of America in the above-styled adversary proceeding. The Chapter 7 Trustee (the "Trustee"), filed an objection to the Motion. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and (b), with jurisdiction further conferred pursuant to 28 U.S.C. § 1334 and General Order No. 84 of the District. Upon examination of the pleadings, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

*

On May 15, 2006 (the "Petition Date"), Gertrude V. Loury (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date the Debtor filed a statement of intention to

surrender her real property located at 6657 East Deer Court, Bedford, Ohio 44146 (the "Property"). See Debtor's Schedule A.

Pre-petition, the Debtor granted a mortgage to Alliance Mortgage Company in the original amount of $105,200.00 (the "Mortgage") in consideration for a Note executed on the same date. The Mortgage was subsequently assigned to Bank of America, N.A. (the "Bank") on June 19, 2000. The Debtor maintained a homeowner's insurance policy through State Farm Insurance Company to insure the subject real property. Pre-petition, the Debtor's Property was the subject of a foreclosure action filed by Federal Home Loan Mortgage Corporation ("FHLMC") in the United States District Court for the Northern District of Ohio, Eastern Division. A judgment of foreclosure was entered in that action in favor of FHLMC ("Foreclosure Action"). See Affidavit of Marvin A. Sicherman, Exhibit 2.

The Bank filed a motion for relief from the automatic stay on May 17, 2006, which was unopposed and granted. Subsequently, the Debtor filed an insurance claim under her homeowner's insurance policy with State Farm for certain damages on the Property. State Farm issued a check for the reported loss in the amount of $8,395.94 made payable to the Debtor, 173 I. Bank of America and JP Morgan Chase Bank NA (the "Insurance Proceeds").

The Trustee filed the above-captioned adversary proceeding against the Bank, JP Morgan Chase Bank NA, and the Debtor. Therein, he seeks a determination of which party(s) is entitled to the Insurance Proceeds issued by the Debtor's insurance company. Except for the Bank, each party defendant has defaulted in the adversary proceeding.

\*\*

2

The Bank contends that it has a contractual right to the Insurance Proceeds. It also asserts that the Debtor granted it a mortgage securing the Property as collateral. Upon that premise, the Bank claims it has an interest in the full amount of the Insurance Proceeds. It asserts that it has a contractual right to the Insurance Proceeds under the Mortgage that is not subject to modification by the Trustee.

The Bank asserts that the Insurance Proceeds do not constitute property of the estate. It also contends that there is not a material issue of fact in dispute and, based upon the controlling provisions of the Mortgage, it is proper for the Court to grant its Motion.

The Trustee requests that the Court deny the Bank's Motion because genuine issues of material fact exist. He asserts that, on the Petition Date, the Debtor was the owner of the Property and therefore the Property became property of the bankruptcy estate. He further argues that, subsequent to the commencement of the case, the Debtor suffered property damage to the Property, to which State Farm issued the Insurance Proceeds. He also contends that the Bank lacks any viable interest in the Insurance Proceeds. He claims that the Bank is not the endorsee of the Promissory Note, and not the mortgagee of the real property, and therefore has no viable interest in or to the Insurance Proceeds. The Trustee asserts that the Foreclosure Action determined that FHLMC is the mortgagee of the Property and not the Bank.

***

Summary judgment is appropriate where there is no genuine issue as to any material fact. See Fed R. Civ. P. 56(c) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056); Celotex Corp. v. Catrett, 477 U.S. 317, 91 L.Ed. 2d 265, 106

3

S.Ct. 2548 (1986). Federal Rule 56 provides for the granting of summary judgment as follows:

> (c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Fed R. Civ. P. 56(c). A movant seeking summary judgment bears the initial burden of establishing that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Celotex Corp., 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of a genuine issue of material fact. Id. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial." Marsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 89 L. Ed. 2d 538, 106 S.Ct. 1348 (1986).

A material fact is one whose "resolution will affect the outcome of the lawsuit." Tennessee Department of Mental Health & Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)) An issue is genuine if a rational trier of fact could find in favor of either party on the issue. Schaffer v. A.O. Smith Harvestore Prods., Inc., 74 F.3d 722, 727 (6th Cir.1996). "The substantive law determines which facts are 'material' for summary judgment purposes." Hanover Ins. Co. v. American Engineering Co., 33 F.3d 727, 730 (6th Cir.1994) (citation omitted).

4

The parties do not dispute that the Debtor had a legal and equitable interest in the subject property on the Petition Date. The pleadings together with the affidavits show that there are genuine issues as to material facts and that the Bank is not entitled to judgment as a matter of law. The genuine issues of material facts in dispute include whether the Bank has an insurable interest in the subject property and if the Bank is the proper holder of the subject mortgage or simply a servicing agent for the mortgagee.

Accordingly, the Bank's motion is hereby denied. The Trustee's objection is sustained. Each party is to bear its respective costs. This matter will proceed to trial as scheduled.

**IT IS SO ORDERED.**

Dated, this 19th day of January, 2007

RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

5